IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREG HEUERMANN,

Plaintiff,

v.

ANDES HEALTHMART,

Defendant.                                             No. 11-0629-DRH

MEMORANDUM and ORDER

HERNDON, Chief Judge:

I. Introduction and Background

Now before the Court is defendant's motion to dismiss Count II of plaintiff's first amended complaint (Doc. 21). Defendant moves the Court to dismiss Count II of plaintiff's first amended complaint arguing that plaintiff fails to to state a claim for intentional infliction of emotional distress in that the allegations are scant, insufficient and are not so "outrageous" that the allegations "go beyond the bounds of decency" to state a claim and that this claim is preempted by the Illinois Human Rights Act. Plaintiff opposes the motion (Doc. 25). Based on the following, the Court denies the motion.

On December 5, 2011, Greg Heuermann filed a two-count first amended complaint against his former employer, Andes Healthmart (Doc. 19). Count I is for wrongful discharge, harassment based on his age and gender and Count II is a state

law claim for intentional infliction of emotional distress. Specifically, Heuermann alleges that defendant harassed him because of his age and gender and that defendant terminated him from his position as a pharmacy technician because he complained of the harassment. He also alleges that because of defendant's conduct he suffered extreme emotional distress.

## II.  Motion to Dismiss Standard

A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 749, 175 L.Ed.2d 517 (2009). The United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied,* 553 U.S. 1032, 128 S.Ct. 2431, 171 L.Ed.2d 230 (2008).

Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds

upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.' " *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). The level of detail the complaint must furnish can differ depending on the type of case before the Court. So for instance, a complaint involving complex litigation (antitrust or RICO claims) may need a "fuller set of factual allegations ... to show that relief is plausible." *Tamayo,* 526 F.3d at 1083, *citing Limestone Dev. Corp. v. Village of Lemont, Illinois,* 520 F.3d 797, 803–04 (7th Cir. 2008).

The Seventh Circuit Court of Appeals has offered further direction on what (post- *Twombly & Iqbal* ) a complaint must do to withstand dismissal for failure to state a claim. In *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008), the Court reiterated: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." Similarly, the Court remarked in *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010): "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."

Judge Posner explained that *Twombly* and *Iqbal:*

require that a complaint be dismissed if the allegations do not state a plausible claim. The Court explained in *Iqbal* that "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. This is a little unclear because plausibility, probability, and possibility overlap....

> But one sees more or less what the Court was driving at: the fact that the allegations undergirding a plaintiffs claim could be true is no longer enough to save it. .... [T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as "preponderance of the evidence" connote.... After *Twombly* and *Iqbal* a plaintiff to survive dismissal "must plead some facts that suggest a right to relief that is beyond the 'speculative level.' " *In re marchFIRST Inc.,* 589 F.3d 901, 905 (7th Cir. 2009).

*Atkins v. City of Chicago,* 631 F.3d 823, 831–32 (7th Cir. 2011) (emphasis added). *See also Smith v. Medical Benefit Administrators Group, Inc.,* 639 F.3d 277, 281 2011 (Plaintiff's claim "must be plausible on its face," that is, "The complaint must establish a nonnegligible probability that the claim is valid...."). With these principles in mind, the Court turns to Count II of plaintiff's first amended complaint.

### III.  Analysis

In Count II, plaintiff alleges a state tort claim for intentional infliction of emotional distress ("IIED").  To establish a prima facie case of intentional infliction of emotional distress, a plaintiff must allege that (1) defendant engaged in extreme and outrageous conduct; (2) defendant knew or should have known that such conduct would cause severe emotional distress; and (3) the conduct caused plaintiff severe emotional distress.  *See McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003).  The tort does not cover "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* at, quoting *Restatement (Second) of Torts* § 46, comment d, at 73 (1965).  In determining whether certain conduct is sufficiently outrageous to support an IIED

claim, the Illinois Supreme Court has directed that one factor courts should consider is the level of power or authority that the defendant has over the plaintiff. *Id.* For a plaintiff to recover, he must show that a "recitation of the facts to an average member of the community would arouse resentment against the actor and lead him to exclaim: 'Outrageous!' " *Doe v. Calumet City*, 161 Ill. 2d 374, 392 (Ill. 1994). To establish extreme and outrageous conduct, the plaintiff must allege more than "mere insult, indignities, threats, annoyances, petty oppression or trivialities." *Public Finance Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1977). However, abuse of power weighs in favor of finding the conduct extreme or outrageous. *McGrath*, 533 N.E.2d at 810. Furthermore, offensive conduct that is not otherwise extreme and outrageous may become extreme and outrageous if it is retaliatory in nature. *Johnson v. Federal Reserve Bank*, 557 N.E.2d 328, 331 (Ill. App. 1990). To establish the second element, the plaintiff need not allege intent to cause severe emotional distress. A plaintiff will satisfy the second element if he alleges facts to support the inference that the defendant recklessly disregarded that his actions would cause emotional distress. *See Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 702 (7th Cir. 1997).

Further, the Seventh Circuit has succinctly stated when state law tort claims, such as plaintiff's IIED claim, are preempted by the IHRA:

> Whether a state-law tort claim is preempted depends on whether the IHRA furnishes the legal duty that defendant was alleged to have breached. If plaintiff's allegations against the defendant implicate *only* a duty provided by the IHRA, such as the duty of employers to refrain from discriminating against employees on the basis of their race or national origin, then the plaintiff's claim is preempted.

*Bannon et al. v. University of Chicago,* 503 F.3d 623, 630 (7th Cir. 2007) (emphasis added) (citations and quotations omitted). In *Naeem v. McKesson Drug Company,* the Seventh Circuit considered whether an IIED claim was preempted by an IHRA sexual harassment suit. 444 F.3d 593, 604 (7th Cir. 2006). Per the *Naeem* Court, the proper inquiry is whether a plaintiff can prove the elements of her state law claim "independent of legal duties furnished by the IHRA," *not* whether the *facts* that support the tort claim "could also have supported a discrimination claim." 503 F.3d at 604. "[I]f the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it." *Id., quoting Krocka v. City of Chicago,* 203 F.3d 507, 516–17 (7th Cir. 2000). Following the rationale of *Naeem* and *Bannon,* the proper inquiry here is whether or not there is an independent basis for plaintiff's IIED, apart from the legal duties created by the IHRA.[1]

Assuming his assertions to be true and drawing all reasonable inferences in his favor, the Court concludes that plaintiff's allegations are sufficient to withstand a motion to dismiss. Plaintiff alleges that defendant intended to inflict severe

---

[1] *Naeem* and *Bannon* postdate the Illinois Supreme Court decision in *Geise v. The Phoenix Co. Of Chicago, Inc.,* which Defendants cite in their motions to dismiss. 159 Ill.2d 507, 203 Ill.Dec. 454, 639 N.E.2d 1273 (Ill.1994). In *Geise,* the plaintiff "dressed her claims" of sexual harassment as negligent retention, but the IHRA was the sole basis of the legal duty that the defendant was alleged to have breached. *See Maksimovic v. Tsogalis,* 177 Ill.2d 511, 227 Ill.Dec. 98, 687 N.E.2d 21, 23 (Ill.1997) (limiting an overbroad interpretation of *Geise*).

emotional distress and that defendant was in a position of authority over him. Specifically, plaintiff alleges: "Defendant did not afford the Plaintiff any Progressive Discipline. The Plaintiff's Supervisor terminated him without a review of said termination. Instead, the Plaintiff was terminated in an 'unexpected' and 'precipitous' manner without allowing him to defend himself." (Doc. 19, ¶ 18). Further, plaintiff alleges defendant:

> "knew or should have known that there was a high probability that this conduct would cause sever emotional distress. The conduct and the manner in which the Plaintiff was discharged given his prior complaint of harassment and request for assistance, and knowledge that Plaintiff must have been under stress as a result, makes the decision to terminate him in handling of Plaintiff's employment status particularly extreme and outrageous. The Plaintiff as a direct result has suffered extreme emotional distress and upset resulting in sleeplessness, anxiety, and loss of enjoyment of life with damages exceeding $100,000."

(Doc. 19, ¶ 19). At this stage of the litigation, the Court finds that the alleged facts contained in the first amended complaint state a cause of action against defendant for intentional infliction of emotional distress. Also, the Court finds that the claim is not preempted by the IHRA. Plaintiff's IIED claim incorporates the previous conduct by defendants in the harassment and wrongful discharge claim along with additional conduct by defendant. This alleged conduct does not rely on duties under the IHRA to be classified as extreme and outrageous. Plaintiff has sufficiently pleaded the elements of IIED, and the conduct alleged is sufficient to support a tort of IIED independent of the IHRA.

### III. Conclusion

Accordingly, the Court **DENIES** defendant's motion to dismiss Count II of plaintiff's amended complaint (Doc. 21).

**IT IS SO ORDERED.**

Signed this 18th day of April, 2012.

Digitally signed by David R. Herndon
Date: 2012.04.18 12:15:46 -05'00'

**Chief Judge
United States District Court** .